IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| LANDMARK INFRASTRUCTURE HOLDING COMPANY LLC, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| | ) No. 2:15-CV-04064-NKL |
| v. | )<br>) |
| R.E.D. INVESTMENTS, LLC, and BOBBY VAN STAVERN, | )<br>)<br>) |
| Defendants. | ) |

**ORDER**

For the reasons set forth below, the motion by defendants R.E.D. Investments, LLC and Bobby Van Stavern for a new trial or for remittitur or merger is denied.

**I.**     **Background**

This case involves a purchase agreement between plaintiff Landmark Infrastructure Holding Company LLC and R.E.D.[1] The agreement provided that Landmark would pay R.E.D. $902,358.11 in exchange for the right to receive base rents under a billboard lease and a 99-year easement over a portion of R.E.D.'s real property.

Paragraph 4 of the Purchase Agreement contained a "Representation and Covenant" that "[R.E.D.] has not received notice of a rent reduction by the billboard tenant under the Billboard lease or notice of any fact, condition or circumstance that would result in a rent reduction." However, the evidence showed that, at the time the Purchase Agreement was executed, R.E.D.

---

[1] Van Stavern is the agent of R.E.D. who signed the agreement on its behalf. Mr. Stavern is not a named defendant on Landmark's breach of contract claim and the jury returned damages on the contract claim against only R.E.D.

1

and Van Stavern knew or had reason to know that the billboard tenant under the lease, Lamar Advertising, had requested or would be requesting a rent reduction.

The case was tried before a jury beginning January 16, 2018. Three claims were submitted to the jury: fraudulent misrepresentation and negligent misrepresentation claims against both defendants, and a breach of contract claim against R.E.D.

On January 18, 2018, the jury returned a verdict in Landmark's favor on the negligent misrepresentation claim and assessed damages in Landmark's favor against both Defendants in the amount of $381,234.11. The jury also returned a verdict in Landmark's favor on the breach of contract claim and assessed damages in Landmark's favor against R.E.D. in the amount of $156,000.00.

The Jury was instructed on each of these claims in separate packages. The damage instruction for the negligent representation claim and the contract claim were nearly identical. They instructed the jury to award "such sum as you believe will fairly and justly compensate Plaintiff for any damages you believe Plaintiff sustained as a direct result of the Defendants' [conduct]." Doc. 189, Jury Instruction Nos. 20 and 23.

Defendants now move for a new trial or alternatively for remittitur or merger of the damage awards. Doc. 200. Defendants first argue that the Court erred in its evidentiary rulings and this resulted in manifest injustice. Defendants also argue that the damages awarded by the jury are excessive and against the clear weight of the evidence. A//s an alternative to a new trial, Defendants seek either remittitur or merger on the premise that $381,234.11 is the maximum damages to which Landmark is entitled. In other words, the $156,000 awarded for the breach of contract must be either remitted or merged with the $381,234.11 award.

2

## II. Discussion

### A. Motion for New Trial

Under Rule 59(a) of the Federal Rules of Civil Procedure, the Court may grant a motion for a new trial "on all or some of the issues." Fed. R. Civ. P. 59(a)(1). A new trial may be granted when the first trial resulted in a miscarriage of justice, the verdict was against the weight of the evidence, the damages award was excessive, or there were legal errors at trial. *Gray v. Bucknell,* 86 F.3d 1472, 1480 (8th Cir. 1996). The Court should grant a new trial where erroneous evidentiary rulings "had a substantial influence on the jury's verdict." *Littleton v. McNeely*, 562 F.3d 880, 888 (8th Cir. 2009) (quoting *Harris v. Chand*, 506 F.3d 1135, 1139 (8th Cir. 2007)). Furthermore, only if the jury's verdict is so against the great weight of the evidence that it constitutes a miscarriage of justice should a motion for a new trial be granted. *Ogden v. Wax Works, Inc.*, 214 F.3d 999, 1010 (8th Cir. 2000).

Defendants object to a number of the Court's pretrial evidentiary rulings. In their initial briefing, Defendants made conclusory statements about these rulings and presented no new facts or arguments. After Landmark had responded, Defendants substantially expanded their argument to discuss evidence presented at trial and an offer of proof. But at the time of its pretrial rulings, the Court was well aware of the Defendants' desire to have Mr. Moyers testify that the lease should have been shopped and their position that Landmark had failed to mitigate its damages. The Court's decision was not changed by the offer of proof that was submitted after the Court made its ruling. Further, the jury was aware that the Purchase Agreement gave Landmark the right to a 99-year easement in addition to the rents from the lease it purchased from the Defendants. The Court is unconvinced that it erred in its legal ruling and therefore finds no manifest injustice to correct.

3

Defendants also suggest that the jury verdict was not supported by the evidence because the Purchase Agreement permitted the lessee, Lamar Advertising, to terminate the lease for any reason with ninety days' notice. Defendants conclude that Landmark therefore assumed the risk of termination and their damages were not caused by the Defendants' misrepresentation. But the evidence showed that Landmark would not have entered into the lease had they known Lamar Advertising intended to request a rent reduction. Thus, there was evidence to support Landmark's theory that it was induced to enter into the agreement by the misrepresentation and it would not have done so if it had been provided accurate information by the Defendants. Accordingly, there is ample evidence to support the jury's verdict.

Finally, Defendants argue that a new trial is required because the jury's verdict is excessive. However, Defendants do not explain why the verdict is excessive. The total damage award was almost $200,000 less than the amount requested by Landmark, and the evidence supported all of the damages Landmark requested.

For the foregoing reasons, Defendants' motion for new trial is denied.

### B. Motion for Remittitur

A district court can remit a jury award only when it is so grossly excessive as to be monstrous, shocking, or plainly unjust. *Eckerberg v. Inter-State Studio & Publ'g Co.*, 860 F.3d 1079, 1087 (8th Cir. 2017); *Wright v. Byron Fin., LLC*, 877 F.3d 369, 374 (8th Cir. 2017). As discussed above, the jury's award was less than Landmark requested and the evidence supported the amount requested. The standard for remittitur has not been met.

### C. Motion for Merger

Defendants argue that even if the Court does not grant a new trial, it should merge the $156,000 award for breach of contract (Verdict Form C) with the $381,234.11 award for

4

negligent misrepresentation (Verdict Form B). Defendants argue that the damage awards are duplicative and therefore the smaller award must be merged with the larger award. Defendants contend that this is required because Missouri law does not permit the recovery of the same compensatory damages under multiple theories. Doc. 203, at 4 (citing *Diversified Graphics, Ltd. v. Groves,* 868 F.2d 293, 295 (8th Cir. 1989)).

Landmark opposes merger, claiming that the jury intended to compensate Landmark for two separate injuries. The first was Landmark's out-of-pocket loss, which it describes as the difference between what they paid for the lease ($902,358.11) and the value of the lease after it was renegotiated with Lamar ($521,124). Thus, Landmark's self-described out-of-pocket loss was $381,234.11. The second loss was the profits that Landmark intended to make from the sale of the lease, an amount of $343,819.44. The total amount of damages Landmark requested for all its losses therefore was $725,053.55.

As a preliminary matter, that the jury has returned a verdict for two separate claims, with damages for each, does not mean that the verdict reflects damages for two separate injuries. Nor does it reflect duplicative damages for a single injury. Landmark had a legal right to recover different damages on the two theories of the case on which it succeeded. It could not recover its expected profits on the negligent misrepresentation claim, but it could recover them on the breach of contract claim. *See* Doc. 178 ("[B]enefit of the bargain is not the proper measure of damages for negligent misrepresentation."); *Cole v. Control Data Corp.*, 947 F.2d 313, 321 (8th Cir. 1991) ("[C]ompensation for breach of contract . . . can include lost profits."). In other words, even assuming that there was a single injury, the jury could award different damages based on the theory of the claim. Indeed, Defendants recognize this point in their reply brief. Doc. 203, at 9.

5

Defendants contend that the burden is on Landmark to show from evidence that the jury intended to aggregate its two damage awards, and Landmark has failed to do so. However, a federal court reviewing a jury verdict "must start with a presumption that the damages awarded were not duplicative." *Matrix Grp., Ltd., Inc. v. Rawlings Sporting Goods Co.,* 477 F.3d 583, 592 (8th Cir. 2007). Defendants argue that because this is a diversity case, Missouri law rather than federal law controls review of the jury verdict.[2] But in fact, federal law controls. *See Donovan v. Penn. Shipping Co.,* 429 U.S. 648, 649-650 (1977) ("The proper role of the trial and appellate courts in the federal system in reviewing the size of jury verdicts is . . . a matter of federal law."). The Court therefore starts with the presumption that the jury verdict is not duplicative.

Defendants' argument that there was no evidentiary basis to conclude that the jury intended the contract and negligent misrepresentation damages to be aggregated fares no better. There was evidence to support an additional verdict of $156,000. As explained above, Landmark presented evidence that it lost profits in the amount of $343,819.44 when it was forced to renegotiate the lease with Lamar. In addition, Landmark presented evidence that it lost another $381,234.11—the difference between what they paid for the lease ($902,358.11) and the value of the lease after Lamar renegotiated it ($521,124.00). Landmark therefore requested damages in the amount of $725,053.55, and the jury's total damage award is well within that amount. Indeed, the fact that the jury did not award the same amount on the breach of contract claim as they awarded on the negligent misrepresentation claim suggests that the two awards were different. *Cf. Sellers v. Mineta*, 350 F.3d 706, 714 (8th Cir. 2003) (merging identical

---

[2] Defendants also distinguish *Matrix* on the facts, but they do not explain why the Eighth Circuit would change its procedural ruling regarding the presumption based on factual differences in the underlying lawsuit.

6

compensatory and punitive damages for two tort claims arising from the same incident). Also, the fact that the negligent misrepresentation claim included a damage calculation that, to the penny, corresponded to the specific amount requested by Landmark, while the damages on the breach of contract claim was a rounded number that corresponded to no dollar amount suggested, is evidence of intent to award something different for each claim.

There also is a logical explanation for why the jury might have chosen to award less for the lost profits than the amount Landmark requested. Landmark's lost profits were valued solely on the basis of transactions with an affiliated entity. The jury might have chosen to compensate Landmark for only part of its profits because the evidence of damages lacked external validation.

In contrast, Defendants have not presented—and the Court is unable to find—any evidentiary or logical basis for the suggestion that the two awards are duplicative. Both claims arose from the same set of facts—Defendants' failure to communicate to Landmark that Lamar Advertising had requested or was likely to request a rent decrease. There is nothing in the record to indicate why the jury would award less—rather than more—for the contract claim than for the negligent misrepresentation claim, particularly where the jury was permitted to take lost profits into account for only the contract claim, and given that the bar for proving breach of contract was lower in this case than that for proving negligent misrepresentation. *Compare* Doc. 189, Jury Instruction No. 22 (requiring finding that, *inter alia*, representation was false, and plaintiff was damaged) *with id.*, Jury Instruction No. 18 (requiring the jurors to find, *inter alia*, not just false representation and resulting damage, but also that Van Stavern "failed to use ordinary care" in making the representation).

Given the fact that the damages permitted for negligent misrepresentation and breach of contract are not coextensive, the fact that the total damages are within the bounds of the evidence

7

presented, and the Court's obligation to presume that the Jury verdict was not duplicative and to reconcile the jury verdict if possible, the Court finds that the damages awarded by the jury were cumulative. *See Matrix*, 477 F.3d at 592 (holding, where "[t]he jury's aggregate award was . . . well within the bounds of the evidence presented at trial," and the damages for each claim were not coextensive, that "a jury may rationally allocate damages between the two different causes of action, one for breach of contract, and one for tort'") (quotation marks and citation omitted); *Indu Craft, Inc. v. Bank of Baroda*, 47 F.3d 490, 497 (2d Cir. 1995) (reinstating jury award even though it was "possible that the jury impermissibly compensated [plaintiff] twice for the same injury," because it was "equally rational to believe that the jury found that [plaintiff] suffered $3.25 million worth of injuries and merely allocated that amount between the two different causes of action, one for breach of contract and one for tort," noting that "[a] jury's award is not duplicative simply because it allocates damages under two distinct causes of action," and courts have a "duty to reconcile a jury's verdict whenever possible"); *see also Cole,* 947 F.2d at 321 (declining to reduce jury's damage award for breach of contract and for conversion, noting that it was possible that each claim sought to redress a different injury—one represented by out-of-pocket losses, and one represented by lost profits—and the plaintiff "was entitled to recover on both").[3]

---

[3] The cases that Defendants cite, in contrast, are not on point. *See Structural Polymer Graphics, Ltd. v. Zoltec Corp.*, 543 F.3d 987, 1000-01 (8th Cir. 2008) (affirming district court conclusion that jury's award for two counts were duplicative where agreement permitted plaintiff to receive just one of two types of product, but not both, yet the jury awarded damages on counts relating to both products); *Diversified Graphics, Ltd. v. Groves*, 868 F.2d 293, 295 n.1 (8th Cir. 1989) (finding "nothing in the record upon which [a cumulative damage award] could rationally be based" and reversing trial court's aggregate award for two tort claims arising from the same injury).

8

## III. Conclusion

For the foregoing reasons, Defendants' motion for a new trial, or in the alternative, for remittitur or merger, is denied.

/s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: April 30, 2018
Jefferson City, Missouri