# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

| | |
|---|---|
| LANDMARK INFRASTRUCTURE HOLDING COMPANY LLC, | ) )  ) |
| Plaintiff, | ) ) ) No. 2:15-CV-04064-NKL |
| v. | ) ) |
| R.E.D. INVESTMENTS, LLC, and BOBBY VAN STAVERN, | ) ) ) |
| Defendants. | ) ) |

## ORDER

Non-parties Premier Management, Inc., Mark A. Randolph, Mark A. Randolph Revocable Trust, and Mid America Bank each have moved to quash or, in the alternative, modify subpoenas issued by plaintiff and judgment-creditor Landmark Infrastructure Holding Company LLC. The non-parties also seek a protective order in the event that the Court does not quash the subpoenas. Landmark has opposed the motion by each non-party and also moved for a protective order to facilitate the non-parties' production of responsive information.

Local Rule 37.1 requires attorneys to attempt to resolve discovery disputes on their own before requesting court intervention. L.R. 37.1(a) (requiring "attorney for the prospective moving party" to, "in good faith, confer[] or attempt[] to confer by telephone or in person with opposing counsel concerning the matter" and providing that, "[i]f the issues remain unresolved" thereafter, "the attorney must arrange with the Court for an immediate telephone conference with the judge and opposing counsel"). This rule applies to non-parties as well as to parties. *See* L.R. 37.1(b) (providing an exception only where the primary case is pending in another district and providing

that even in such a case, Rule 37.1(a) applies after a motion is filed and the miscellaneous case is initiated).

The non-parties in this case failed to arrange for the requisite telephone conference. More fundamentally still, there is no indication that any of the non-parties made any attempt to confer in good faith with counsel for Landmark. Indeed, the non-parties each appear to suggest that the impetus was on Landmark to communicate with them regarding the subpoenas. *See* Doc. 232, ¶¶ 7 and 9 (complaining that Landmark "failed to communicate with [the non-party] or its counsel" before issuing the subpoena or to negotiate the scope of the subpoenas); Doc. 233, ¶¶ 7 and 9 (same); Doc. 234, ¶¶ 9 and 11 (same). However, once the subpoena was served, the non-parties bore the obligation to either comply or seek relief by appropriate means.

Landmark's opposition papers state that Landmark has since attempted to meet and confer with the non-parties. Landmark believes that, once a protective order is entered, the non-parties and Landmark will be able to resolve any remaining disputes concerning the subpoenas without court intervention. Neither the defendants nor the non-parties filed any papers in reply to Landmark's response, in effect conceding that Landmark's characterization of the discovery-related discussions is accurate. In any event, the non-parties' motions were not only procedurally deficient, but also premature, and for those reasons must be denied. If any discovery disputes remain after Landmark and the non-parties meet and confer in good faith, any party or non-party may avail itself or himself of the procedure for which Local Rule 37.1(a)(2) provides.

Finally, in light of the fact that no one has opposed Landmark's motion for a protective order, and because the provisions in the proposed order seem reasonable, the Court grants the motion. Insofar as the non-parties requested a protective order in the alternative to an order quashing the subpoenas served on them, those motions too are granted.

In sum, the Court DENIES without prejudice the non-parties' motions to quash or modify the subpoenas. The Court GRANTS the motions by Landmark and the non-parties for a protective order. The Court shall issue a protective order in substantially the form submitted by Landmark.

/s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated:  October 5, 2018
Jefferson City, Missouri