# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| LANDMARK INFRASTRUCTURE HOLDING COMPANY LLC,<br><br>    Plaintiff,<br><br>v.<br><br>R.E.D. INVESTMENTS, LLC, and BOBBY VAN STAVERN,<br><br>    Defendants. | No. 2:15-CV-04064-NKL |

## ORDER

Plaintiff and judgment creditor Landmark Infrastructure Holding Company LLC moves to compel non-party Davis Hills Farms, LLC to comply with a postjudgment subpoena. For the reasons discussed below, the motion is granted.

## I. BACKGROUND

Landmark served a subpoena on Davis Hills on or about July 31, 2018. Doc. 248, p. 2. On August 15, 2018, counsel for the judgment creditors served Landmark with objections to that subpoena, purportedly on behalf of Davis Hills. *Id.* Most of the objections were virtually identical, asserting that the request "is overbroad, seeks information not related to the parties to the suit, is not related specifically to the assets of the Defendants RED or Van Stavern, instead seeks information regarding parties against which no allegations have been levied against [*sic*] or judgment entered on." The only additional objection was that "Plaintiff fails to allege any facts sufficient to raise reasonable doubt about the bona fides of any transfer." Davis Hills produced no documents in response to the subpoena. Doc. 248, p. 2.

Landmark made several attempts, by telephone and email, to meet and confer with counsel for the defendants in order to resolve their postjudgment discovery disputes. *Id.* Landmark

explained to counsel for the defendants that it is aware of at least two transfers of real property from the judgment debtors to Davis Hills made on or about May 12, 2017—during the pendency of this lawsuit. Counsel for the defendants represented that he would explain the basis for the subpoena to Davis Hills, but that he had no authority to agree to produce documents on that non-party's behalf. *Id.*, p. 3.

On October 18, 2018, Landmark requested, and subsequently was granted, a telephone conference with the Court to address the discovery dispute. Counsel for the defendants appeared at the October 23, 2018 conference but stated that he was not appearing on behalf of Davis Hills. Doc. 246. Although Davis Hills had notice of the conference, no one representing that entity appeared at the conference. *Id.* Landmark informed the Court that it would move to compel Davis Hills to comply with the subpoena. *Id.* On October 26, 2018, nearly three months after issuing the subpoena, having received no documents from Davis Hills, Landmark moved to compel Davis Hills' compliance with the subpoena. Doc. 248.

II.   ANALYSIS

The Federal Rules of Civil Procedure permit a judgment creditor to "obtain discovery from any person . . . as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). "The scope of postjudgment discovery is very broad to permit a judgment creditor to discover assets upon which execution may be made." *F.D.I.C. v. LeGrand*, 43 F.3d 163, 172 (5th Cir. 1995).

Davis Hills complains that certain requests in the subpoena "seek private information that goes far beyond transactions South Hwy 5 [*sic*] may have had with the Defendants." The question before the Court is whether and to what extent Davis Hills should be compelled to comply with the first, second, third, fourth, seventh and ninth requests in the subpoena.

2

The first request is for "[d]ocuments identifying each member of Davis Hills Farm, and each member's ownership interest during the period between January 1, 2014 and the present (the '**Relevant Time Period**')." The second request is similar, seeking "[d]ocuments identifying each member, manager, officer and/or director of Davis Hills Farms during the Relevant Time Period." Davis Hills argues that the requests "should be limited to Davis Hills simply disclosing to Plaintiff/Judgment Creditor the identity of all members during the time period requested." Doc. 253, p. 2. Landmark concedes that Davis Hills need not produce *all* documents that may incidentally refer to the members or managers of the entity. However, Landmark insists that it is entitled to "production of business records directly related to the identities of the members and managers during the relevant time period," including "any internal records establishing membership interests or granting authority to any manager, and, to the extent such documentation does not fully identify all members and managers during the relevant time period, a verified statement identifying all such persons." Landmark's requests as modified seek documents and information that are relevant to Landmark's judgment collection efforts and are calculated to avoid unreasonably burdening Davis Hills.

The third request seeks "[a]ll financial statements, tax returns and K-1s of Davis Hills Farms prepared during the Relevant Time Period." The fourth request seeks "[a] list of all assets owned by Davis Hills at any time during the Relevant Time Period." Davis Hills argues that the third request is "not tailored to finding assets which might be available for collection against R.E.D. Investments and Mr. VanStavern," and instead, "is seeking to review private financial information of a non-party." Doc. 253, p. 3. Davis Hills argues that "without some evidence that Davis Hills is in possession of some assets available for collection, it should not be compelled to produce this private financial information." *Id.* As for the fourth request, Davis Hills argues that it is overly broad, and that Davis Hills should be required to produce only "documents or

3

information relating to any assets that might have been transferred to it by R.E.D. Investments or Mr. VanStavern," rather than a "list [of] all of the assets it owned at any time." Landmark has already explained—and Davis Hills has not denied—that the judgment creditors twice transferred parcels of real property to Davis Hills during the pendency of this lawsuit. These transfers raise the prospect that additional assets of Davis Hills might have been transferred—possibly fraudulently—from one or both of the judgment debtors. Landmark's explanation is sufficient to warrant overruling the objections and compelling Davis Hills to provide the documentation that Landmark seeks. *See* 12 Charles Alan Wright *et al.*, *Federal Practice and Procedure* § 3014 (2d ed. 1997) ("The judgment creditor is allowed discovery to find out about assets on which execution can issue or about assets that have been fraudulently transferred or are otherwise beyond the reach of execution.").

The seventh request is for "[d]ocuments that identify and relate to BOT Investment Company, Inc.'s transfer to Davis Hills Farms of the real estate comprising 135 acres generally located at Highway HH and Highway 5, Lebanon, Missouri . . . ." Davis Hills argues that the referenced transaction "does not involve the defendants against whom a judgment was entered" and therefore "has nothing to [do with] discovery [of] assets that might be available for collection in this case." Doc. 253, p. 3. Landmark replies that it has "a reasonable suspicion that this transfer may involve assets that could be traced to Van Stavern." Doc. 255, p. 3. The Missouri Secretary of State's website indicates that BOT has been administratively dissolved for failure to file an annual report that was due shortly before the transfer occurred. *Id.* BOT's last annual report lists Van Stavern as the President and sole director of BOT. *Id.* BOT transferred the real property at issue to Davis Hills on the very same date that judgment debtor R.E.D. also transferred real property to Davis Hills (May 17, 2017), which could suggest that the transfers were related in

4

purpose. These circumstances are sufficient to warrant overruling the objection and compelling Davis Hills to produce the requested documents and information.

The ninth request is for "[d]ocuments related to any promissory notes or loans made to Davis Hills Farms by Mark Randolph." Davis Hills argues that because Mark Randolph is not a judgment creditor, there is no evidence he has assets available for collection by Landmark. However, Randolph signed a personal guaranty for a loan that Davis Hills obtained that is secured by the property transferred from BOT to Davis Hills, and Randolph recorded a right of first refusal relating to the same property. In light of these circumstances, the Court finds Landmark's request reasonable and overrules Davis Hills' objection.

To the extent that Davis Hills is concerned about the confidentiality of any private information it is required to disclose, it may avail itself of the protective order that the Court recently entered in this case. *See* Doc. 242.

## III. CONCLUSION

For the reasons discussed above, Landmark's motion to compel is GRANTED. Non-party Davis Hills must produce, on a rolling basis, but no later than forty-five days from the date of this order, all documents responsive to the third, fourth, fifth, sixth, seventh, eighth, and ninth requests in the subpoena, as well as business records directly related to the identities of the members and managers during the relevant time period, including any internal records establishing membership interests or granting authority to any manager, and, to the extent such documentation does not fully identify all members and managers during the relevant time period, a verified statement identifying all such persons.

/s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: December 4, 2018
Jefferson City, Missouri