# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| LANDMARK INFRASTRUCTURE HOLDING COMPANY LLC, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 2:15-CV-04064-NKL<br>)<br>) |
| R.E.D. INVESTMENTS, LLC, and BOBBY VAN STAVERN, | )<br>)<br>) |
| Defendants. | ) |

## ORDER

Plaintiff and judgment creditor Landmark Infrastructure Holding Company LLC moves to compel non-party South Hwy 5 Properties, LLC to comply with a postjudgment subpoena. For the reasons discussed below, the motion is granted.

## I. BACKGROUND

Landmark served a subpoena on South Hwy 5 on or about July 31, 2018. Doc. 249, p. 2. On August 15, 2018, counsel for the defendant-judgment creditors served Landmark with objections to that subpoena, purportedly on behalf of South Hwy 5. *Id.* Most of the objections were virtually identical, asserting that the request "is overbroad, seeks information not related to the parties to the suit, is not related specifically to the assets of the Defendants RED or Van Stavern, instead seeks information regarding parties against which no allegations have been levied against [*sic*] or judgment entered on." The only additional objection was that "Plaintiff fails to allege any facts sufficient to raise reasonable doubt about the bona fides of any transfer." South Hwy produced no documents in response to the subpoena. Doc. 249, p. 2.

Landmark made several attempts, by telephone and email, to meet and confer with counsel for the defendants in order to resolve their postjudgment discovery disputes. *Id.* Landmark

explained to counsel for the defendants that it is aware that real property was transferred from South Hwy 5 to the members of R.E.D. in June of 2017, during the pendency of this lawsuit, and that the same property previously was listed on defendant Bobby Van Stavern's personal tax returns as his own asset. Counsel for the defendants represented that he would explain the basis for the subpoena to South Hwy 5, but that he had no authority to agree to produce documents on that non-party's behalf. *Id.*, p. 3.

On October 18, 2018, Landmark requested, and subsequently was granted, a telephone conference with the Court to address the discovery dispute. Counsel for the defendants appeared at the October 23, 2018 conference but stated that he was not appearing on behalf of South Hwy 5. Doc. 246. Although South Hwy 5 had notice of the conference, no one representing that entity appeared at the conference. *Id.* Landmark informed the Court that it would move to compel South Hwy 5 to comply with the subpoena. *Id.* On October 26, 2018, nearly three months after issuing the subpoena, having received no documents from South Hwy 5, Landmark moved to compel South Hwy 5's compliance with the subpoena. Doc. 249.

## II. ANALYSIS

The Federal Rules of Civil Procedure permit a judgment creditor to "obtain discovery from any person . . . as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). "The scope of postjudgment discovery is very broad to permit a judgment creditor to discover assets upon which execution may be made." *F.D.I.C. v. LeGrand*, 43 F.3d 163, 172 (5th Cir. 1995).

South Hwy 5 complains that certain requests in the subpoena "seek private information that goes far beyond transactions South Hwy 5 may have had with the Defendants." The question before the Court is whether and to what extent South Hwy 5 should be compelled to comply with the first, second, third, fourth, and sixth requests in the subpoena.

The first request is for "[d]ocuments identifying each member of South Hwy, and each member's ownership interest during the period between January 1, 2014 and the present (the '**Relevant Time Period**')." The second request is similar, seeking "[d]ocuments identifying each member, manager, officer and/or director of South Hwy during the Relevant Time Period." South Hwy 5 argues that the requests "should be limited to South Hwy 5 simply disclosing to Plaintiff/Judgment Creditor the identity of all members during the time period requested." Doc. 252, p. 2. Landmark concedes that South Hwy 5 need not produce *all* documents that may incidentally refer to the members or managers of the entity. However, Landmark insists that it is entitled to "production of business records directly related to the identities of the members and managers during the relevant time period," including "any internal records establishing membership interests or granting authority to any manager, and, to the extent such documentation does not fully identify all members and managers during the relevant time period, a verified statement identifying all such persons." Landmark's modified requests seek documents and information that are relevant to Landmark's judgment collection efforts and are calculated to avoid unreasonably burdening South Hwy 5.

The third request seeks "[a]ll financial statements, tax returns and K-1s of South Hwy prepared during the Relevant Time Period." The fourth request seeks "[a] list of all assets owned by South Hwy at any time during the Relevant Time Period." South Hwy 5 argues that the third request is "not tailored to finding assets which might be available for collection against R.E.D. Investments and Mr. VanStavern," and instead, "is seeking to review private financial information of a non-party." Doc. 252, p. 3. Moreover, the tax returns for South Hwy 5 were "run through" the personal tax returns of its sole member, Brandon Ruble, and his wife. South Hwy 5 argues that "without some evidence that South Hwy 5 is in possession of some assets available for collection, it should not be compelled to produce this private financial information." *Id.* As for

3

the fourth request, South Hwy 5 argues that it is overly broad, and that South Hwy 5 should be required to produce only "documents or information relating to any assets that might have been transferred to it by R.E.D. Investments or Mr. VanStavern," rather than a "list [of] all of the assets it owned at any time." Landmark has already explained—and South Hwy 5 has not denied—that South Hwy 5 transferred a parcel of real property to the three members of judgment debtor R.E.D. during the pendency of this lawsuit, and that the same property previously was listed in tax returns as an individual asset of the other judgment debtor, Van Stavern. The apparent transfers from one judgment debtor to South Hwy 5 and from South Hwy 5 to another judgment debtor's individual members raise the prospect that additional assets of South Hwy 5 might have been transferred—possibly fraudulently—from one or both of the judgment debtors. Landmark's explanation is sufficient to warrant overruling the objections and compelling South Hwy 5 to provide the documentation that Landmark seeks. *See* 12 Charles Alan Wright *et al.*, *Federal Practice and Procedure* § 3014 (2d ed. 1997) ("The judgment creditor is allowed discovery to find out about assets on which execution can issue or about assets that have been fraudulently transferred or are otherwise beyond the reach of execution."). South Hwy 5's purported concern about disclosure of the personal tax returns of its sole member and his wife does not warrant a different outcome. The Rubles took on the risk of subjecting their personal tax returns to such disclosure when they permitted South Hwy 5 to "run" its tax returns "through" theirs. To the extent that South Hwy 5 is concerned about the confidentiality of any private information, it may avail itself of the protective order that the Court recently entered in this case. *See* Doc. 242.

The sixth request is for "[d]ocuments that identify and relate to South Hwy 5's transfer to Robbie Marley, Elizabeth Ruble and Debra Johnston of the real estate located at 550 North Jefferson, Lebanon, Missouri," and includes "purchase and sale agreements, deeds, escrow agreements, title commitments or other reports, correspondence, and other documents in any way

4

concerning the transfer." South Hwy 5 argues that the referenced transaction "does not involve the defendants against whom a judgment was entered" and therefore "[t]here could be no suggestion that this was an attempt to hide or conceal assets of the defendants . . . ." The three individuals to whom the parcel was transferred are the sole members of judgment debtor R.E.D. As discussed above, the property at issue previously was listed in tax returns as being among the personal assets of the other judgment debtor, Van Stavern. These circumstances are sufficient to warrant overruling the objection and compelling South Hwy 5 to produce the requested documents and information.

### III. CONCLUSION

For the reasons discussed above, Landmark's motion to compel is GRANTED. Non-party South Hwy 5 must produce, on a rolling basis, but no later than forty-five days from the date of this order, all documents responsive to the third, fourth, fifth, sixth and seventh requests in the subpoena, as well as business records directly related to the identities of the members and managers during the relevant time period, including any internal records establishing membership interests or granting authority to any manager, and, to the extent such documentation does not fully identify all members and managers during the relevant time period, a verified statement identifying all such persons.

/s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: December 4, 2018
Jefferson City, Missouri